IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


YAN ZHENG and SHU YUN ZHANG,    )
                                )
          Plaintiffs,           )
                                )
     v.                         )        1:17CV232
                                )
JEFFERSON B. SESSIONS, III,[1]  )
U.S. Attorney General, U.S.     )
Department of Justice, et al., )
                                )
          Defendants.           )


**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

This matter comes before the court on Defendants' Motion to Dismiss. (Doc. 7.) Plaintiffs, proceeding pro se, were issued Roseboro letters[2] advising them of their right to respond. (See

---

[1] Defendant Sessions is the Attorney General of the United States. The case caption is hereby amended to reflect Defendant's correct name. Kirstjen M. Nielsen is now Secretary of the Department of Homeland Security. L. Francis Cissna is now Director of USCIS. Marcos Castells is now Acting Raleigh-Durham Field Office Director of USCIS. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nielsen has been substituted for Secretary John F. Kelly, Cissna has been substituted for Acting Director Lori Scialabba, and Castells has been substituted for Raleigh-Durham Field Office Director Jay Weselmann as Defendants in this suit.

[2] These letters were sent under the requirements of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), and its progeny.

Docs. 8-9.) Plaintiffs have not responded, the time to respond has run, and the matter is now ripe for resolution.

Under Local Rule 7.3(k), failure to file a response within the required timeframe constitutes a waiver of the right to file such response, except upon a showing of excusable neglect. LR 7.3(k). "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Id. Plaintiffs were advised of the possibility of adverse action if they failed to respond, including the likelihood that the "case will be dismissed." (Docs. 8-9.)

This court strictly construes application of the Local Rules and determines that Defendants' motion may be deemed uncontested and granted on procedural grounds alone. Because of Plaintiffs' pro se status, this court has reviewed Defendants' motion and determines that it should also be granted because Plaintiffs' claims are moot and/or not ripe.[3] Consequently, this court will grant the motion and dismiss Plaintiffs' Complaint.

---

[3] As this court finds these issues dispositive, it is unnecessary to address Defendants' prudential exhaustion arguments. (See Defs.' Br. (Doc. 10) at 11-13.)

I.  **BACKGROUND**

Plaintiffs Yan Zheng and Shu Yun Zhang ("Plaintiffs" or "Ms. Zheng" or "Mr. Zhang") are residents of North Carolina and aliens who are granted asylum in the United States. (Complaint for a Civil Case ("Compl.") (Doc. 1) at 1-2, 9.)[4] Plaintiffs seek to compel Defendants U.S. Attorney General Jefferson B. Sessions III ("Attorney General"); Secretary of the U.S. Department of Homeland Security ("DHS") Kirstjen M. Nielsen; Director of U.S. Citizenship and Immigration Services ("USCIS") L. Francis Cissna; and USCIS Acting Raleigh-Durham Field Office Director Marcos Castells (collectively, "DHS Defendants") to adjudicate their then-pending I-485 adjustment applications. (See id. at 3-5, 7-11.) Plaintiffs invoke two bases of jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, bringing a cause of action under the Administrative Procedure

---

[4] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Act, 5 U.S.C. §§ 555(b), 706, and (2) mandamus under 28 U.S.C. § 1361. (Id. at 7.)[5]

Plaintiffs allege the following: On December 5, 2011, Ms. Zheng was granted asylum in the United States. (Id. at 9.) On December 17, 2012, Ms. Zheng filed an I-485 Application to Register Permanent Residence or Adjust Status. (Id.) On December 2, 2016, Ms. Zheng attended a USCIS InfoPass Appointment in North Carolina, was issued an I-94 card, and directed to send her I-485 application to a certain e-mail address. (Id.) On January 4, 2017, Ms. Zheng was advised to send her I-485 form to a different location. (Id.) On August 20, 2012, Mr. Zhang was granted asylum in the United States based on an I-730 Refugee/Asylee Relative Petition filed by his wife, Ms. Zheng. (Id.) On September 25, 2013, Mr. Zhang filed an I-485 Application to Register Permanent Residence or Adjust Status. (Id.) On December 2, 2016, Ms. Zheng attended a USCIS InfoPass Appointment in North Carolina regarding the status of Mr.

---

[5] Defendants do not acknowledge Plaintiffs' claims for relief as stating separate causes of action. However, Plaintiffs clearly state they bring their action under the Mandamus Act and the Administrative Procedure Act and cite to 8 U.S.C. § 1255(a), 8 C.F.R. § 245.2(c), 5 U.S.C. § 555(b), 5 U.S.C. § 706, and "78 [sic] U.S.C. § 1361" in their Complaint. (Compl. (Doc. 1) at 4-5, 7.) This court construes Plaintiffs' Complaint as invoking jurisdiction on both grounds. However, Plaintiffs' claims are coextensive for the purposes of this court's mootness and ripeness analysis.

Zhang's I-485 application. (Id. at 10.) The applications were pending at the time of the Complaint. (Id.)

On June 12, 2017, Defendants filed a Motion to Extend Time to Answer because USCIS had determined Ms. Zheng's 2011 grant of asylum was likely based on fraud, and DHS had filed a motion to reopen Ms. Zheng's removal proceedings and terminate her asylum status. (Doc. 6.) The extension was granted on July 11, 2017. On August 10, 2017, Ms. Zheng's removal proceedings were reopened "for a determination on whether her current immigration status as an asylee will be terminated by the Executive Office for Immigration Review ("EOIR")." (Brief in Support of Motion to Dismiss ("Defs.' Br.") (Doc. 10) at 2.) On September 20, 2017, in response to the reopened removal proceedings, USCIS administratively closed Ms. Zheng's I-485 application for lack of jurisdiction. (Id. at 3.) USCIS retained jurisdiction over Mr. Zhang's I-485 application and placed it in abeyance pending the outcome of Ms. Zheng's removal proceedings. (Id.) Defendants allege that this court now lacks subject matter jurisdiction over Plaintiffs' claims because they have been mooted by changed factual circumstances since the filing of the Complaint. (Id. at 1, 6-10.)

## II. **LEGAL FRAMEWORK**

"When . . . a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citation omitted). "[T]he district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings . . . ." Id. at 348 (citation omitted). If subject matter jurisdiction is lacking, the complaint must be dismissed. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

A plaintiff must "establish[] throughout all stages of litigation (1) that he is suffering an injury-in-fact or continuing collateral consequence, (2) that his injury is fairly traceable to the challenged action or decision, and (3) that a favorable decision would be likely to redress his injury." Townes v. Jarvis, 577 F.3d 543, 554 (4th Cir. 2009) (footnote and citations omitted) (emphasis removed). "When a case or controversy ceases to exist, the litigation is moot, and the court's subject matter jurisdiction ceases to exist also." S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015) (citing Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) (per curiam)). "A case can

become moot due either to a change in the facts or a change in the law." Id. (citation omitted). Courts have held that a case is moot where a plaintiff seeks to compel adjudication of an adjustment application which is then closed. See, e.g., Gonzalez v. Mayorkas, No. 1:13-cv1230, 2014 WL 585863, at *2, *6 (E.D. Va. Feb. 12, 2014), aff'd sub nom. Gonzalez v. Zannotti, 585 F. App'x 130 (4th Cir. 2014) (per curiam).

## III. **ANALYSIS**

Plaintiffs seek to compel Defendants to adjudicate their pending I-485 adjustment applications. (Compl. (Doc. 1) at 5, 10-11.) Under 8 U.S.C. § 1159(a), either the Secretary of Homeland Security or the Attorney General has jurisdiction to adjust an asylee's status, depending on the circumstance. Id. The spouse of an asylee is granted derivative asylum status based on the status of the primary asylee. See 8 C.F.R. §§ 208.21, 208.24(d).

The Secretary, through UCSIS, "has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. § 1245.2(a)(1)." 8 C.F.R. § 245.2 (emphasis added). Section 1245.2(a)(1), in turn, provides that the Department of Justice ("DOJ") and the Attorney General, through delegation to immigration judges in

the EOIR, has "exclusive jurisdiction to adjudicate any application for adjustment of status" that an alien in removal proceedings may file. See 8 C.F.R. § 1245.2(a)(1). Therefore, when an alien's adjustment application is pending with UCSIS, and removal proceedings are reopened against that person, UCSIS loses and EOIR gains jurisdiction over any application for adjustment of status. The person may then reapply for relief via the adjustment of status application during the removal proceedings. See 8 C.F.R. § 209.2 ("An application for the benefits of [8 U.S.C. § 1159(b)] may be filed in accordance with the form instructions. If an alien has been placed in removal . . . proceedings, the application can be filed and considered only in [removal] proceedings . . . .").

Ms. Zheng seeks to compel DHS Defendants to adjudicate her I-485 adjustment application. (Compl. (Doc. 1) at 5, 10-11.) Since the filing of her Complaint, this court finds that they have done so: her application has been administratively closed. Therefore, the case is moot as to DHS Defendants, as the requested relief — adjudication of the application — has already occurred, and there is no relief for the court to order or continuing live controversy between these parties. See Gonzalez, 2014 WL 585863, at *2.

There is also no relief this court could order with regard to Mr. Zhang's application. UCSIS placed Mr. Zhang's application in abeyance pending the outcome of Ms. Zheng's removal proceedings. Because his asylum status is derivative of his wife's, it depends entirely on the outcome of her removal proceedings. See 8 C.F.R. § 208.24(d) ("The termination of asylum status for a person who was the principal applicant shall result in termination of the asylum status of a spouse . . . whose status was based on the asylum application of the principal.").

Additionally, Defendants argue that the Attorney General is not a proper defendant because (1) at the time Plaintiffs filed their Complaint, the DHS and UCSIS had exclusive jurisdiction over Plaintiffs' I-485 applications, and therefore the Attorney General, as head of the DOJ, was not an adverse party, and (2) although Ms. Zheng's I-485 application is now under the jurisdiction of the EOIR and the DOJ as a result of her removal proceedings being reopened, any authority for the Attorney General to act on the I-485 application is purely discretionary and therefore not subject to mandamus relief. (Defs.' Br. (Doc. 10) at 3-6.)

This court finds that the Complaint against the Attorney General should be dismissed. A plaintiff's claim "is not ripe

for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 270 (4th Cir. 2013) (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). At the time Plaintiffs filed their Complaint, the Attorney General did not have jurisdiction over their applications, and Mr. Zhang's application is still within the jurisdiction of USCIS. Although jurisdiction over any application by Ms. Zheng would now lie with EOIR, and by extension, the Attorney General, Ms. Zheng has provided no indication that she seeks to reapply in her removal proceedings for an adjustment of status. 8 C.F.R. § 209.2(c). Therefore, any claim against the Attorney General rests on a contingent future event — Ms. Zheng's reapplication — and is not ripe.

**IV. CONCLUSION**

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (Doc. 7), is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE.**

A judgment in accordance with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 19th day of June, 2018.

```
                        /s/ William L. Osteen, Jr.
                        _____
                              United States District Judge
```